IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

KEVIN L. HYLTON,                        )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )        No. 2:07-CV-154
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
                    Defendant.          )

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claim for disability insurance

and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social

Security Act.  For the reasons that follow, defendant's motion for summary judgment [doc.

12] will be granted, and plaintiff's motion for summary judgment [doc. 10] will be denied.

The final decision of the Commissioner will be affirmed.

I.

*Procedural History*

Plaintiff applied for benefits in February 2004.  [Tr. 60, 351].  He originally

alleged a disability onset date of December 31, 1999.  [Tr. 60, 351].  The applications were

denied initially and on reconsideration.  Plaintiff then requested a hearing, which took place

before an Administrative Law Judge ("ALJ") in September 2005.[1]

On December 30, 2005, the ALJ issued a decision concluding that plaintiff was not entitled to benefits. [Tr. 15-27]. Plaintiff then sought review from the Commissioner's Appeals Council. Review was denied on May 1, 2007, notwithstanding the submission of additional medical evidence. [Tr. 6, 9].[2] The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

---

[1] At the hearing, plaintiff amended his alleged onset date to May 1, 2003, because the original 1999 date did not account for continued substantial gainful activity. [Tr. 387]. The accuracy of the amended onset date is also questionable, as plaintiff appears to have been incarcerated for much of the period between May 1, 2003, and January 28, 2004. [Tr. 165, 389-90, 401].

[2] Plaintiff's additional documents are discussed in his brief and are included in the administrative record. [Tr. 364-67]. "[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted). This court can, however, remand a case for further administrative proceedings, but only if the claimant satisfies each prong of the "new, material, and good cause" standard of sentence six, 42 U.S.C. § 405(g). *See id.* **Despite incessant admonitions from this court in other cases, the present plaintiff's law firm has made no effort to articulate how the late-submitted evidence warrants sentence six remand, nor is sentence six even addressed in its briefing**. The issue is accordingly waived, and plaintiff's additional medical evidence has *not* been considered. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has not only failed to make a showing of good cause, but also has failed to even cite this relevant section or argue a remand is appropriate."); *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citation omitted); Fed. R. Civ. P. 11(b)(2), (c).

2

II.

*Applicable Legal Standards*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).[3]  Disability is evaluated pursuant to a five-step analysis:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters*, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520).  Plaintiffs bear the burden of proof during the first four steps.  *Walters*, 127 F.3d at 529.  The burden shifts to the Commissioner at step five.  *See id*.

---

[3] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability.  42 U.S.C. § 1382.  "Disability," for SSI purposes, is defined the same as under § 423.  42 U.S.C. § 1382c(a)(3).

4

III.

*Analysis*

A. <u>Physical Impairments</u>

Plaintiff raises no challenge to the ALJ's conclusions regarding his *physical* residual functional capacity ("RFC"). Any such argument is accordingly waived. *See, e.g.*, *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681-82 (6th Cir. 1989).

The court also notes (as did the ALJ) marked discrepancies between plaintiff's subjective sworn testimony [*e.g.*, Tr. 405-06, 416-19] and the objective records of his physical health providers [*e.g.*, Tr. 224, 236, 248, 283, 303, 314]. The court notes one other recurring theme, plaintiff's argument that he has historically been unable to afford adequate health care. [Tr. 398, 421-22]. Plaintiff has, however, historically been able to fund his continuing consumption of cigarettes. [Tr. 249, 305, 346]. Plaintiff's contention regarding the affordability of health care "simply fails the straight face test." *Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 977 (M.D. Tenn. 2002).

B. <u>Psychological Impairments</u>

Despite claims of disabling depression [Tr. 66-67], the ALJ concluded that plaintiff remains able to perform "simple work activities with minimal interaction with the public." [Tr. 24]. In ruling that plaintiff is ineligible for benefits, the ALJ relied on vocational expert testimony that a significant number of jobs exist in the national and regional economies that plaintiff could perform. [Tr. 25, 445-46]. That conclusion is

consistent with the credible objective evidence of record.

In May and July 2004, nonexamining Drs. Joseph Leizer and Hugh Tenison generated a Mental RFC Assessment. They predicted no limitations of more than a moderate degree. [Tr. 190-91]. The records of treating mental health providers Dr. Linda Lee and Jean Westervelt, L.C.S.W. (which are generally illegible) note no vocational limitations.[4]

Clinical psychologist Marshall Tessnear appeared as a medical expert at the administrative hearing. Following extensive testimony, Dr. Tessnear opined that plaintiff would be limited to simple, repetitive work and "[p]robably certainly not dealing with the general public." [Tr. 436].

The ALJ's conclusion that plaintiff remains able to perform "simple work activities with minimal interaction with the public" thus survives substantial evidence review and will be affirmed. This court is in no way swayed by the extreme disabling opinion offered by clinical psychologist Robert Miller, to whom counsel sent plaintiff following the administrative hearing. [Tr. 344].

Dr. Miller's evaluation consisted of an interview and administration of the Personal Assessment Inventory ("PAI") test. The PAI's validity indices suggested that plaintiff "may not have answered in a completely forthright manner[.]" [Tr. 346]. The results were suggestive of "deliberate distortion," "a 'cry for help,' or an extreme or

---

[4] In her form notes, the social worker at times checked a box indicating severe social impairment [*e.g.*, Tr. 326-37]. These assessments would appear to be largely grounded in plaintiff's self-reports which, as will be discussed below, are of doubtful reliability.

exaggerated negative evaluation of oneself and one's life. The test results potentially involve[d] considerable distortion and [were] unlikely to be an accurate reflection of the respondent's objective clinical state [, and] therefore interpretation [was] not provided." [Tr. 346]. Dr. Miller nonetheless completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental). Despite his knowledge that plaintiff's PAI results were invalid and distorted, Dr. Miller opined that plaintiff would be markedly impaired ("severely limited but not precluded") in every category assessed. [Tr. 348-49].

The ALJ reasonably gave Dr. Miller's report "very little weight." [Tr. 24]. As observed by the ALJ, because plaintiff's PAI results were invalid, Dr. Miller's severe assessment could only have been based on subjective complaints. [Tr. 24]. It is more than reasonable to conclude, as did the ALJ, "that if the claimant gave deceptive answers on the PAI, [he] would likewise give deceptive answers in [his] interview with Dr. Miller." [Tr. 24]. The court agrees with the ALJ's well-explained conclusion that an unreliable foundation renders Dr. Miller's assessment essentially valueless.

Further, as noted by the ALJ, Dr. Miller's unsupported and extreme position is inconsistent with the records of the treating and evaluating sources. [Tr. 24]. For example, in May 2004, treating Physician's Assistant Jennifer Riffe wrote that plaintiff was "doing well" and that Wellbutrin and Prozac were "working" and "[a]dequately controll[ing]" his depression. [Tr. 169]. Ms. Riffe increased the dosages in August 2004 but again noted plaintiff's self-report of "doing well." [Tr. 270]. In November 2004, plaintiff again

indicated to Ms. Riffe that "his depression seems to be well controlled." [Tr. 267].

Dr. Miller's opinions are also inconsistent with his own notes. For example, in the interview plaintiff was able to "slowly but accurately" complete serial 3 additions and a simple simulated purchase. [Tr. 346]. Plaintiff was also able to attend appropriately in completing the PAI. [Tr. 346]. Dr. Miller wrote that "[i]mmediate memory was *slightly* impaired and recent and remove [sic] memory are *within normal limits*." [Tr. 346] (emphasis added). Nonetheless, he opined that plaintiff is *markedly* limited in the abilities to understand, remember, and carry out both simple and detailed instructions. [Tr. 348].

In sum, the ALJ adequately explained his rejection of Dr. Miller's opinions, and instead relied primarily on the testimony of medical advisor Tessnear. The substantial evidence standard of review permits that "zone of choice." *See Mullen*, 800 F.2d at 545. Although Drs. Leizer and Tenison did not have access to the entire administrative record when they generated their Mental RFC, Dr. Tessnear did review most of the record (excepting Dr. Miller's report and some virtually illegible records from social worker Westervelt), and he was also present for the administrative hearing testimony. [Tr. 428-29].

The final decision of the Commissioner was supported by substantial evidence and must be affirmed. An order consistent with this opinion will be entered.

ENTER:

_____ s/ Leon Jordan _____
United States District Judge

8